IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEROME ALEXANDER HILL,

        Petitioner,

v.                                      Civil Action No. 3:07cv756

COMMONWEALTH OF VIRGINIA,

        Respondent.

**MEMORANDUM OPINION**

Petitioner Jerome A. Hill, a Virginia state inmate proceeding *pro se*, brings this petition ("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Hill challenges his convictions for one count of possession of cocaine with intent to distribute, and one count of possession of a firearm while in possession of cocaine. Respondent filed a motion to dismiss and an appropriate *Roseboro* notice. Hill responded to the motion and the matter is now ripe for disposition.[2] Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254 states in relevant part:
The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] On February 26, 2008, Hill filed a "Notice Of Motion To Oppose Motio [sic] To Local Rule 7(J)." (Docket No. 12.) The Court will treat this as Hill's response.

1

## I. Procedural History

A.  **State Court Proceedings and Direct Appeal**

On June 3, 2004, Hill was indicted in a three-count indictment by a grand jury sitting in the City of Portsmouth, Virginia. On the same day, Hill's court-appointed attorney, Gregory K. Matthews, mailed a motion to suppress to the clerk of the Circuit Court of the City of Portsmouth ("Circuit Court"). The clerk of the Circuit Court filed the motion on June 4, 2004.[3]

On July 21, 2004, Hill appeared before the Circuit Court. Hill was arraigned and waived his right to a trial by jury. The Circuit Court found Hill guilty of one (1) count of possession of cocaine with intent to distribute and one (1) count of possession of a firearm while in possession of cocaine.[4] On September 8, 2004, the Circuit Court sentenced Hill to five (5) years imprisonment for the firearm charge, and ten (10) years imprisonment, with five (5) years suspended, for the drug charge. The sentences were to run concurrently, and Hill was to serve five (5) years of probation after his release.

By a letter dated September 8, 2004, and received by the Circuit Court on September 13, 2004, Hill stated his desire to appeal and requested new counsel. Subsequently, Matthews submitted a letter to the Circuit Court noting Hill's desire to appeal, and asking that the Circuit Court appoint another attorney to represent Hill. The Circuit Court appointed William Roots, Jr., to represent Hill in filing his appeal.

---

[3] It appears from the record that the Circuit Court denied Hill's motion to suppress.

[4] Before trial, the Commonwealth moved to *nolle prosequi* a charge of possession of a firearm while in possession of narcotics.

Hill appealed his conviction to the Court of Appeals of Virginia, arguing that the evidence was insufficient to prove that he intended to distribute the cocaine police found in his home. On May 11, 2005, the Court of Appeals denied Hills petition for appeal. Hill filed a demand for consideration by a three-judge panel and the Court of Appeals heard oral arguments on September 13, 2005. On September 26, 2005, the three-judge panel denied Hill's appeal.

On October 8, 2005, Hill notified Roots that he wanted to file an appeal to the Supreme Court of Virginia. However, Roots failed to file the appeal properly.

On March 27, 2006, Roots filed a Motion for Leave to Pursue Delayed Appeal stating that although Hill expressed a desire to appeal the decision of the Court of Appeals, Roots had failed to file the appeal. The Supreme Court granted Hill's motion on April 28, 2006.

On May 23, 2006, Hill filed an appeal to the Supreme Court of Virginia. Hill again asserted that the Circuit Court erred in finding sufficient evidence of Hill's intent to distribute cocaine. On November 21, 2006, the Supreme Court refused Hill's appeal.

**B.**     **State Habeas Petition**

On or about April 4, 2006, Hill filed a petition for a writ of habeas corpus with the Circuit Court, alleging that he suffered ineffective assistance of counsel by his trial and appellate counsel, that the trial court violated his Fifth Amendment rights in requiring a Miranda waiver, and that the trial court erred in admitting evidence obtained through an allegedly improper

3

search. The Circuit Court denied Hill's state habeas petition on June 16, 2006. Hill did not appeal this decision. The time for appealing that decision has long since expired.[5]

**C.      Federal Habeas Petition**

On December 12, 2007, Hill filed the instant petition for writ of habeas corpus, raising the following claims:

Claim One:      Insufficient evidence to prove intent to sell cocaine.

Claim Two:      Ineffective assistance of appellate counsel.

Claim Three:   Ineffective assistance of trial counsel.

Claim Four:     Improper admission of an involuntary confession.

## II.  Standard of Review

Habeas relief may be granted under 28 U.S.C. § 2254 only if a state court decision is contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Further, in

---

[5] *See* Va. Sup. Ct. R. 5:17(a)(1) ("a petition for appeal must be filed . . . in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . .").

reviewing the decision of a state court, the state court's determination of factual issues shall be presumed to be correct, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. Analysis

A. **Exhaustion and Procedural Default**

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911); *see also* 28 U.S.C. § 2254(b) (barring the granting of habeas corpus relief unless it appears that "the applicant has exhausted the remedies available in the courts of the State"). Hill presented Claim One challenging the sufficiency of the evidence to the Supreme Court in his direct appeal. Therefore, Hill exhausted his state court remedies as to Claim One.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be

5

required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a federal habeas court is precluded from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Hill raised Claims Two, Three, and Four in his state habeas petition. The Circuit Court denied Hill's petition. Hill did not appeal this decision to the Supreme Court. *Whitley v. Bair*, 802 F.2d 1487, 1500 (4th Cir. 1986) ("failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). If Petitioner were to attempt now to raise these claims to the Supreme Court, that court would find the claim procedurally barred pursuant to Section 8.01-654(B)(2) of the Virginia Code.[6] Section 8.01-654(B)(2) is an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Thus, Claims Two, Three, and Four are procedurally defaulted.

Hill has not demonstrated any basis for excusing his default. Accordingly, Claims Two, Three, and Four will be DISMISSED.

---

[6]
> Such petition shall contain all allegations the facts of which are known to petitioner at the time of filing and such petition shall enumerate all previous applications and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition . . . .

Va. Code § 8.01-654(B)(2).

**B.**     **Claim One: Sufficiency of the Evidence**

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

Hill challenges the sufficiency of the evidence to prove that he intended to distribute the cocaine police found in his home. The Court of Appeals summarized the evidence as follows:

> Detective Anthony executed a search warrant at appellant's residence. Anthony encountered appellant just outside of a bedroom. Anthony testified that appellant "blurt[ed] out some comments," such as, "Everything in here is mine–the gun, the drugs, everything." Anthony also testified that appellant said he was sorry, he would not "do it anymore," and "I just sell a little to pay bills." Anthony questioned appellant, and appellant stated that he purchases eight balls of cocaine several times a week and he resells it to people he knows.
> The police recovered from underneath a mattress 2.87 grams of cocaine, a loaded firearm located less than one foot from the drugs, ammunition, and $90 in cash. They also found a piece of cocaine on a nightstand, a can with holes in it containing cocaine, and digital scales.

*Hill v. Commonwealth*, Record No. 2262-04-1 at 1-2 (May 11, 2005). The Court presumes accuracy of the Circuit Court's findings of fact as to whether Hill made the statements to police and intended to distribute cocaine absent clear and convincing evidence to the contrary from Hill. *See* 28 U.S.C. 2254(e)(1). Hill offers the Court no new evidence that was not previously before the Circuit Court. Accordingly, Claim One lacks merit and will be DISMISSED.

## **IV.  Conclusion**

For the foregoing reasons, the Court shall GRANT Respondent's Motion to Dismiss. (Docket No. 8.)  Accordingly, the Petition shall be DISMISSED.  (Docket No. 1.)

An appropriate Order shall issue.

                                                    /s/
                                    M. Hannah Lauck
                          United States Magistrate Judge

Richmond, Virginia
Date:  June 10, 2008